UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JULIO NOVA,

                          Plaintiff,

          v.                                                   9:19-CV-0072
                                                               (GTS/TWD)

RANDAL SMITH and JAMIE WILLETT,

                          Defendants.
_____

APPEARANCES:

JULIO NOVA
Plaintiff, pro se
02-A-2345
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. LETITIA A. JAMES                          JOHN F. MOORE, ESQ.
New York State Attorney General                Assistant Attorney General
Office of the New York State Attorney General
The Captiol
Albany, NY 12224

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I.     INTRODUCTION**

          Pro se plaintiff Julio Nova ("plaintiff"), a New York State inmate, commenced this

action on or about January 22, 2019, with the filing of a complaint, accompanied by an

application to proceed in the action in forma pauperis ("IFP").  Dkt. Nos. 1, 2.  Following

review of the complaint and IFP application pursuant to 28 U.S.C. § 1915 ("Section 1915")

and 28 U.S.C. § 1915A ("Section 1915A"), the Court issued a Decision and Order on

February 27, 2019, granting plaintiff's IFP application and accepting the original complaint for filing insofar as it asserted (1) Eighth Amendment excessive force and failure to intervene claims against defendants Correctional Officer Jamie Willett and Sergeant Randal Smith; (2) a Fourteenth Amendment equal protection claim against defendant Willett; and (3) a claim arising under 42 U.S.C. § 1981 ("Section 1981") against defendant Willett.  Dkt. No. 4.  The Court dismissed the remainder of the claims asserted in the original complaint without prejudice.  *Id.*

Plaintiff availed himself of the opportunity to amend his pleading, and the Court received plaintiff's amended complaint on or about March 20, 2019.  Dkt. No. 7 ("Am. Compl.").  On June 27, 2019, following its review of the amended complaint pursuant to Sections 1915 and 1915A, the Court issued a Decision and Order ("June Order") accepting the amended complaint only with respect to the claims that survived the Court's review of plaintiff's original complaint.  Dkt. No. 37 ("June Order") at 17.

Currently pending before the Court is plaintiff's motion for reconsideration of the June Order.  Dkt. No. 38.  For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

## II.    DISCUSSION

### A.    Legal Standard

Plaintiff's motion implicates Rule 7.1(g) of the Local Rules of Practice for this Court, which provides, in pertinent part, as follows:

> **Motion for Reconsideration.** Unless Fed. R. Civ. P. 60 otherwise governs, a party may serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree.  All motions for

> reconsideration shall conform with the requirements set forth in
> L.R. 7.1(a)(1) and (2) . . . . The Court will decide motions for
> reconsideration or reargument on submission of the papers,
> without oral argument, unless the Court directs otherwise.

N.D.N.Y. L.R. 7.1(g) (emphasis in original).[1]   In this district, reconsideration of an order

entered by the court is appropriate upon a showing of "(1) an intervening change in

controlling law, (2) the availability of new evidence not previously available, or (3) the need to

correct a clear error of law or prevent manifest injustice."  *In re C-TC 9th Ave. P'ship*, 182

B.R.1, 3 (N.D.N.Y. 1995); *see also Cayuga Indian Nation of New York v. Pataki*, 188 F.

Supp. 2d 223, 244 (N.D.N.Y. 2002); *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y.

2000).

The benchmark for seeking reconsideration of a court's order has been described as

demanding.  *In re C-TC 9th Ave. P'ship*, 182 B.R. at 2.  A motion for reconsideration is not a

vehicle through which a losing party may raise arguments that could have been presented

earlier but for neglect, nor is it a device "intended to give an unhappy litigant one additional

chance to sway the judge."  *Brown v. City of Oneonta, N.Y.*, 858 F. Supp. 340, 342 (N.D.N.Y.

1994) (quotation marks omitted).  To qualify for reconsideration, "[t]he moving party [must]

point to controlling decisions or data that the court overlooked - matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX

Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995).

---

[1]  Parenthetically, Rule 60 of the Federal Rules of Civil Procedure does not apply in this case, where the June Order, which was issued pursuant to the Court's obligation under Sections 1915 and 1915A, is not a final one. *See, e.g., Makas v. New York State Dep't of Motor Vehicles*, No. 97-CV-1892, 1998 WL 219588, at *1 n.1 (N.D.N.Y. Apr. 29, 1998) ("This motion for reconsideration is not made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure because [that rule] only applies to final judgments and orders."). Instead, reconsideration is properly sought under Rule 7.1(g) of the local rules. *Douglas v. N.Y.S. Adirondack Park Agency*, No. 10-CV-0299, 2012 WL 5364344, at *4 (N.D.N.Y. Oct. 30, 2012).

**B.   Analysis**

In his motion, plaintiff argues that the Court made four errors in its June Order.[2]  Dkt. No. 38-1 ("Recon. Mtn.").  The Court will consider each argument separately below.

### 1. Failure to Intervene Claim Asserted Against Defendant John Doe 1

Plaintiff contends that the Court should have construed his amended complaint to assert an Eighth Amendment failure to intervene claim asserted against defendant John Doe 1. Recon. Mtn. at 1-2.  Mindful of the Second Circuit's instruction to liberally construe a pro se litigant's pleadings, and in the interests of justice and efficiency, and now having the benefit of the clarifications offered by plaintiff in his motion for reconsideration, the motion for reconsideration is granted to the limited extent that the amended complaint shall be construed as asserting a failure to intervene claim asserted against defendant Doe 1 concerning the second use of force incident on March 1, 2018, by defendant Willett, *see* Am. Compl. at 7-10, 24-25, and that the claim shall be accepted for filing for purposes of Sections 1915 and 1915A.

Because plaintiff's failure to intervene claim is asserted against an individual whose name is not known to plaintiff, service of process cannot be effected on that individual unless and until he has been identified by name.  If plaintiff wishes to pursue this claim against defendant Doe 1, he must take reasonable steps to ascertain through discovery the identity of that individual.[3]  Upon learning the identity of the unnamed defendant, plaintiff must amend the operative complaint to properly name that individual as a party.  If plaintiff fails to

---

[2] Defendants Willett and Smith did not respond in opposition to plaintiff's motion.

[3] Defendants Willett and Smith are requested to respond to reasonable discovery demands from plaintiff that are aimed at identifying defendant Doe 1.

ascertain the identity of defendant Doe 1 so as to permit timely service of process, all claims against that individual will be dismissed.[4]

### 2. Court Access Claims Asserted Against Defendants Doe 1 and Woodruff

Plaintiff contends that the Court erred in concluding that the amended complaint failed to state a cognizable First Amendment court access claim against defendants Doe 1 and Woodruff. Recon. Mtn. at 2-3. More specifically, plaintiff argues that the Court "misstate[d] the law," and that he should be given an opportunity to conduct discovery "to prove the elements of negligence and access to the court." *Id.* at 2.

Having carefully reviewed plaintiff's motion, as well as the Court's June Order, and with due regard to plaintiff's pro se status, plaintiff's request for reconsideration of the Court's June Order concerning the court access claim asserted against defendants Doe 1 and Woodruff is denied. The June Order did not err in its recitation of the law as it relates to a First Amendment court access cause of action. *See* June Order at 5-6. To the extent that plaintiff intended to assert a negligence claim against defendants Doe 1 and Woodruff, that claim is not cognizable under 42 U.S.C. § 1983. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991). Accordingly, plaintiff's motion for reconsideration of the June Order concerning the court access claims asserted against defendants Doe 1 and Woodruff is denied.

---

[4] Rule 4 of the Federal Rules of Civil Procedure require that a party be served within 90 days of issuance of the summons, absent a court order extending that period. Fed. R. Civ. P. 4(m). The Court's local rules shorten the time for service from 90 days under Rule 4(m) to 60 days. N.D.N.Y. L.R. 4.1(b).

### 3. Intentional Infliction of Emotional Distress ("IIED") Claim Asserted Against Defendant Willett

Plaintiff contends that the Court erred in its June Order by failing to address plaintiff's state law claim of IIED asserted against defendant Willett. Recon. Mtn. at 3-4. With due regard for plaintiff's pro se status, the amended complaint fails to plausibly allege sufficient facts to state a cognizable IIED claim against defendant Willett. As discussed in the June Order, to state a claim for IIED under New York State law, a complaint must allege that (1) the defendant's conduct was "extreme and outrageous," (2) the defendant intended to cause the plaintiff "severe emotional distress," (3) a causal connection between the defendant's conduct and the plaintiff's injuries, and (4) "severe emotional distress." *Bender v. City of N.Y.*, 78 F.3d 787, 790 (2d Cir. 1990). Absent from plaintiff's amended complaint are sufficient allegations plausibly suggesting that defendant Willett intended to cause plaintiff emotional distress, that plaintiff suffered severe emotional distress, or that defendant Willett's conduct caused plaintiff emotional distress. While the amended complaint alleges that plaintiff suffered emotional injuries, those injuries are not specified and are generally alluded to throughout the pleading. *See, e.g.*, Am. Compl. at 12 ("Defendant Willett, while functioning as employee at the state of new York, acted to deprive plaintiff of his constitutional rights, as a result, caused plaintiff serious injuries physically and psychically." (errors in original)). Moreover, to the extent that plaintiff's IIED claim is based on defendant Willett's alleged "constant[] . . . harass[ment]" of plaintiff, this is not the type of "extreme and outrageous" conduct that supports an IIED claim under New York law. *See, e.g., Singh v. United States Sec. Assocs., Inc.*, No. 05-CV-5333, 2008 WL 2324110, at *2 (S.D.N.Y. 2008) ("To prevail, a plaintiff must show that the defendant's harmful conduct was so outrageous in

character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." (internal quotation marks and alteration omitted)). Also absent from the amended complaint are sufficient facts plausibly suggesting a causal connection between plaintiff's psychiatric medical treatment and defendant Willett's conduct. Without more, it is not enough for purposes of a legal pleading to conclusorily state that plaintiff's emotional distress is "attributable to official misconduct." Am. Compl. at 29.

Setting aside the pleading deficiencies identified above, IIED is a disfavored claim under New York law, and may "be invoked only as a last resort." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 158 (2d Cir. 2014) (internal quotation marks omitted). As explained by the Second Circuit, the New York Court of Appeals "has cautioned that a claim for IIED may not be sustainable 'where the conduct complained of falls well within the ambit of other traditional tort liability.'" *Turley*, 774 F.3d at 159 (quoting *Fischer v. Maloney*, 43 N.Y.2d 553, 557-58 (1978)). In this case, to the extent plaintiff purports to assert an IIED claim against defendant Willett based allegations that he physically assaulted plaintiff on March 1, 2018, because those allegations support an Eighth Amendment excessive force claim, the IIED claim must be dismissed. *See, e.g., Li v. Aponte*, No. 05-CV-6237, 2008 WL 4308127, at *8 (S.D.N.Y. Sept. 16, 2008) (dismissing the plaintiff's IIED claim "as a matter of law because the conduct complained of falls within the scope of her false arrest and excessive force claims").

Accordingly, because plaintiff's IIED claim asserted against defendant Willett fails to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1), there is no basis for granting plaintiff's motion for reconsideration concerning

this claim.

### 4. "Constitutional Tort" Claim Asserted Against Defendant Willett

Plaintiff's last contention is that the Court erred by failing to analyze Count II in the amended complaint asserted against defendant Willett, which is characterized as "Constitutional Tort" under 42 U.S.C. § 1983. Recon. Mtn. at 4. For context, Count II of the amended complaint alleges as follows:

> Defendant Willett, acting under color of state law and outside the scope of his employment deprived plaintiff of the following right under the United States Constitution: First, Eight, and Fourteenth Amendment. For disregarding his duty as a peace officer having taken an oath or a bond and undertaking upon appointment to discharge any of his duty faithfully and to protect and uphold the constitution of the United States and Constitution of the State of New York. (Under Brown v. State)

Am. Compl. at 30 (errors in original). With due regard to plaintiff's pro se status, plaintiff's motion for reconsideration of the Court's June Order regarding this claim is denied. Aside from the Eighth Amendment excessive force and Fourteenth Amendment equal protection claims asserted against defendant Willett – both of which survived initial review by the Court in its June Order – there are no cognizable First, Eighth, or Fourteenth Amendment causes of action asserted against defendant Willett in plaintiff's amended complaint.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration of the Court's June Order (Dkt. No. 38) is **GRANTED in part** and **DENIED in part** as follows:

(1)   The amended complaint (Dkt. No. 7) shall be construed as asserting an Eighth Amendment failure to intervene claim against defendant John Doe 1; and

(2)   Except as to the foregoing, the motion for reconsideration is denied; and it is further

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant John Doe 1, against whom plaintiff's failure to intervene claim arising from the second use of force incident by defendant Willett on March 1, 2018 is asserted. **Plaintiff's failure to timely serve this defendant will result in dismissal** of the claims asserted against him and termination of the defendant from the action; and it is further

**ORDERED** the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: October 18, 2019
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge