UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JULIO NOVA,

                Plaintiff,

v.                                                 9:19-CV-0072
                                                          (GTS/TWD)

RANDAL SMITH, Sgt., Upstate Corr. Facility;
JAMIE WILLETT, Corr. Ofcr., Upstate Corr. Facility;
PAUL WOODRUFF, Dept. Super., Upstate Corr. Facility;
and RICHARD BOND, Corr. Ofcr., Upstate Corr. Facility,

                Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

JULIO NOVA, 02-A-2345
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. LETITIA A. JAMES                    JOHN F. MOORE, ESQ.
Attorney General of the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Julio Nova

("Plaintiff") against the four above-captioned officers at Upstate Correctional Facility

("Defendants"), are Defendants' motion for partial summary judgment, Plaintiff's cross-motion

for summary judgment, and United States Magistrate Judge Thérèse Wiley Dancks' Report-

Recommendation recommending that Defendants' motion be granted in part and denied in part,

and that Plaintiff's cross-motion be denied. (Dkt. Nos. 156, 177, 184.) The parties have not filed an objection to the Report-Recommendation and the time in which to do so has expired. (*See generally*, Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein, Defendants' motion for partial summary judgment is granted in part and denied in part, and Plaintiff's cross-motion for summary judgment is denied.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 184) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for partial summary judgment (Dkt. No. 156) is **GRANTED in part** and **DENIED in part** as follows:

> (1) Plaintiff's Fourteenth Amendment equal protection and Section 1981 claims against Defendant Willett are **DISMISSED**;

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

(2) Plaintiff's Eighth Amendment excessive force, failure to intervene, and failure to protect claims against Defendant Woodruff are **DISMISSED**;

(3) Plaintiff's Eighth Amendment excessive force, failure to intervene, and failure to protect claims against Defendants Smith and Bond related to the incident at 9:50 a.m. on March 1, 2018, are **DISMISSED**;

(4) Plaintiff's Eighth Amendment excessive force claims against Defendants Smith and Bond related to the incident at 12:40 p.m. on March 1, 2018, are **DISMISSED**; and

(5) it is **otherwise DENIED**; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment (Dkt. No. 177) is **DENIED**; and it is further

**ORDERED** that **REMAINING FOR TRIAL** are the following claims:

(1) Plaintiff's Eighth Amendment excessive force claims against Defendant Willett related to the incidents at 9:50 a.m. and 12:40 p.m. on March 1, 2018; and

(2) Plaintiff's Eighth Amendment failure to intervene and failure to protect claims against Defendants Smith and Bond related to the incident at 12:40 p.m. on March 1, 2018; and it is further

**ORDERED** that Defendant Woodruff is **TERMINATED** as a defendant in this matter.

Dated: September 22, 2022
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge