U.S. DISTRICT COURT - N.D. OF N.Y.

FILED

AUG 1 6 2023

AT____ O'CLOCK
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JULIO NOVA,

                   *Plaintiff,*

        -against-

RANDAL SMITH, et al

                   *Defendants.*

**STIPULATION OF
SETTLEMENT AND ORDER
OF DISCONTINUANCE
PURSUANT TO RULE 41(A)**

19-CV-0072
(GTS/TWD)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for Plaintiff Julio Nova ("Plaintiff"), and Defendants Richard Bond, Randal Smith and Jamie Willett ("Defendants"), parties to the above-entitled action (the "Action"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the this Action, the Action be and the same hereby is settled on the particular circumstances of this Action, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this Action or any other parties:

1.      Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this action, inclusive of all outstanding substantive claims, with prejudice and without damages, costs, interest or attorney's fees, under the conditions described in Paragraph 4 of this agreement, as against the Defendants, the New York State Department of Corrections and Community Supervision ("DOCCS") and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any

litigation, appeal or claim against the Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2.      The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

3.      This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts, or merits of their respective positions. The settlement of this action is limited to the circumstances in this case, including the remaining substantive claims, alone and shall not be given effect beyond the specific provisions stipulated hereto. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

4.      Following the execution of this Stipulation, and its being so ordered by the Court, the Defendant shall cause to be paid to Plaintiff the sum of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00) in full settlement of any and all claims made in the Action, which amount includes all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. The above amount shall be paid by one check: 1. $2,500.00 payable to Plaintiff Julio Nova and mailed to him at his current facility of incarceration as of the date the check issues for deposit in Plaintiff's facility account.

5.      These settlement payments shall be made in full satisfaction of any and all claims, costs or fees related to the Action. In full consideration of the payment of the sums set forth above, the Plaintiff hereby releases Defendants and any and all current and former employees or agents of the DOCCS in his/her/their individual and official capacities, and his/her/their heirs, executors,

administrators and assigns and the State of New York and the DOCCS from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the operative complaints in the Action, including but not limited to claims relating to or arising out of any alleged violation of plaintiff's constitutional rights, and all other causes of action and claims of liability.

6.      Payment by Defendants of the amount specified in Paragraph 4 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.  Plaintiff agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval effectuating payment. Such documentation will be mailed to counsel for the Plaintiff by agents of the Defendants responsible for the administrative processing of the settlement paperwork.

7.      Payment of the amount in Paragraph 4 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court, unless the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8.      This stipulation shall be null and void if the approvals referred to in Paragraph 6 are not obtained, and the actions shall then be placed back on the active docket without prejudice.

9.      In the event that the terms of Paragraph 6 are satisfied, but payment is not made within the 120-day or 150-day period set forth in Paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the or 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

10. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next thirty (30) months.

11. This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

12. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
      July 31, 2023

Letitia James
Attorney General of the State of New York

By: ___*John F. Moore*___

John F. Moore, Esq.
Assistant Attorney General
*Counsel for Defendants*
Bar Roll No. 105188
The Capital
Albany, NY 12224

Dated: Schenectady, New York
    July 31, 2023

By: _____
Julia Virginia Kosineski, Esq.
Schenectady County Public Defender
519 State Street
Schenectady, NY 12305

Dated: Stormville, New York
    Aug. 8, 2023

By: _____
Julio Nova, Plaintiff
02-A-2345
Green-Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

Dated: Syracuse, New York

_____, 2023

SO ORDERED:

**HON. GLENN T. SUDDABY**
UNITED STATES DISTRICT JUDGE